IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3058-FL

| | | |
|---|---|---|
| LAWRENCE P. GILMARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE NORTH CAROLINA | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| SAFETY, DR. LAND, and | ) | |
| MEDICAL DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to amend (DE 7, 13, 22), motion to appoint counsel (DE 8), motion to vacate the court's order on plaintiff's motion to proceed without the prepayment of the filing fee (DE 16), motion to refund the filing fee (DE 17), and motion for an emergency injunction (DE 29). The issues raised are ripe for adjudication.

A.  Motion to Appoint Counsel

Plaintiff seeks counsel to assist with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S.

Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claim is not complex. Further, plaintiff has failed to demonstrate that his case is one in which exceptional circumstances merit appointment of counsel. Rather, plaintiff's pleadings demonstrate that he is capable of proceeding *pro se*. Thus, plaintiff's motion to appoint counsel is DENIED.

B.  Motions Regarding the Payment of the Filing Fee

Plaintiff seeks a court order rescinding Magistrate Judge Robert B. Jones, Jr.'s March 25, 2016, order granting him leave to proceed without the prepayment of the filing fee and to refund a portion of the filing fee. The court's docket reflects that, on March 25, 2016, the magistrate judge reviewed plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(b), directed him to pay an initial filing fee of ($367.00), and to thereafter make "monthly payments of 20 percent of the preceding month's income credited to the plaintiff's trust fund account, until the . . . filing fee is paid in full." Three days later, the court received a filing fee payment from plaintiff in the amount of $400.00. On April 4, 2016, the clerk of court sent the North Carolina Department of Public Safety ("DPS") a letter stating that plaintiff paid the $400.00 filing fee in full and directed DPS not to make any further deductions from plaintiff's inmate trust fund account for this case. The court has not subsequently received any additional funds from plaintiff.

The Prisoner Litigation Reform Act provides that "prisoner[s] **shall** be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added); see Bruce v. Samuels, 136 S.Ct. 627, 629 (2016). The Fourth Circuit additionally has held that inmates are required to pay the filing

2

fee.  Roller v. Gunn, 107 F.3d 227, 232 (4th Cir.), cert. denied, 522 U.S. 874 (1997).  Thus, given the fact that plaintiff paid the filing fee in full and that no further funds have been received from plaintiff, plaintiff's motions are DENIED.

C.       Motions to Amend

The court ALLOWS plaintiff's first motion to amend.  See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013).  The court will address the remaining motions to amend below.

D.       Frivolity Review

As an initial matter, the court notes that inmate Myron Nunn has made several filings in this action, including the April 6, 2016 and June 9, 2016 motions to amend, as well as the motion for emergency injunctive relief.  Nunn is a well-known litigant in this district.  He has filed at least eight prior civil rights actions on behalf of himself, and has a documented history of involvement in litigation on behalf of other inmates.  See Nunn v. Matthews, No. 5:14-CT-3150-D, 2014 WL 11370024, at n. 4 (E.D.N.C. Dec. 23, 2014), appeal dismissed, 604 F. App'x 298 (4th Cir. 2015). As an inmate, Nunn does not have standing to bring claims on behalf of other inmates such as plaintiff.  See Inmates v. Owens, 561 F.2d 560, 562–63 (4th Cir. 1977) (finding that one pro se inmate does not have standing to sue on behalf of another inmate); see also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others).  Accordingly, the court summarily DENIES the April 6, 2016 and June 9, 2016 motions to amend, as well as the motion for emergency injunctive relief which were filed by Nunn.  The clerk of court is DIRECTED to reject and return any future filings in this action bearing Nunn's signature.

3

As for plaintiff's original complaint and first motion to amend, the court directs plaintiff to particularize his complaint due to Nunn's filings in this action and the lack of clarity in the pleadings. Specifically, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violations. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Further, the court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. Finally, plaintiff is DIRECTED to file his amended pleading on the proper form.

In summary, the court rules as follows:

(1) Plaintiff's first motion to amend (DE 7) is GRANTED;

(2) Plaintiff's motion to appoint counsel (DE 8) is DENIED;

(3) Plaintiff's remaining motions to amend (DE 13, 22) and motion for emergency injunctive relief (DE 29) are summarily DENIED. The clerk is DIRECTED to reject and return any future filings in this action bearing Nunn's signature;

(4) Plaintiff's motion to vacate the court's order on plaintiff's motion to proceed without the prepayment of the filing fee (DE 16) and motion to refund the filing fee (DE 17) are DENIED;

4

(5) Plaintiff must file his particularized complaint as directed above within 14 days of this court's order. The clerk of court is DIRECTED to send plaintiff the form for filing a § 1983 action. The clerk also is DIRECTED to send plaintiff a copy of this order at Central Prison, his current place of incarceration. <u>See</u> www.doc.nc.us. In the event plaintiff fails to respond to this court's order, the clerk of court shall, without further order of the court, enter judgment dismissing the action without prejudice.

SO ORDERED, this the 15th day of August, 2016.

                                                LOUISE W. FLANAGAN
                                                United States District Judge